IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DARIUS SARRO, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 16-515-LPS |
| KATRINA BURLEY, et al., | : | |
| Defendants. | : | |

Darius Sarro, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 9, 2016
Wilmington, Delaware



STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Darius Sarro ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna Delaware, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1] (D.I. 1) He appears *pro se* and has been granted leave to proceed *in forma pauperis*.[2] (D.I. 6) He requests appointment of counsel. (D.I. 7) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## II. BACKGROUND

Plaintiff alleges that he has been denied mental health evaluations and subjected to "supermax" isolation/SHU (*i.e.*, Security Housing Unit), making his mental health condition worse. He also alleges "poor air quality; poor basic personal hygiene supplies; excessively small food portions; sexual harassment," and denial of access to communication with family and loved ones. In addition, Plaintiff alleges that he submitted grievances after he was denied mental health evaluations and that he has made his other complaints known to institutional staff. Named as Defendants are inmate grievance chairperson ("IGC") Katrina Burley ("Burley"), mental health director Lezley Sexton ("Sexton"), correctional officer John Doe, and correctional officer Jane Doe. Plaintiff seeks injunctive relief and compensatory damages.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]Co-Plaintiff Lynell B. Tucker's claims were dismissed on September 12, 2016. (*See* D.I. 16)

1

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a

2

plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Personal Involvement

"A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (internal citations omitted). Under the liberal notice pleading standard of Rule 8(a), Plaintiff's Complaint fails to allege facts that, if proven, would show personal involvement by any named defendant. A civil rights complaint is adequately pled where it states the conduct, time, place, and persons responsible. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980). The Complaint fails to include any of those elements.

Therefore, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, since it appears plausible that Plaintiff may be able to articulate claims against Defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### B. Request for Counsel

Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. He requests counsel on the grounds that: (1) he does not have the ability to present his case, (2) he is unskilled in the law, (3) the case may turn on credibility determination, (4) an expert witness will be necessary,

4

(5) he cannot retain and afford counsel, (6) he is legally disabled and mentally ill, (7) he depends on inmates to assist him with his case, and (8) counsel would serve the best interests of justice. (D.I. 7)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[3] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *See Tabron*, 6 F.3d at 155-57; *accord Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel, including that, to date, Plaintiff's filings indicate that he possesses the ability to adequately pursue his claims, the claims are not complex, and this case is in its very early stages. Upon consideration of the record, the Court is not persuaded that representation by an attorney is warranted at this time.

---

[3] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize federal court to require unwilling attorney to represent indigent civil litigant, operative word in statute being "request").

5

Therefore, the Court will deny the request for counsel. (D.I. 7) The Court can address the issue at a later date should counsel become necessary.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew the request for counsel (D.I. 7); (2) dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and (3) give Plaintiff leave to amend the Complaint.

An appropriate Order follows.